UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**VECTOR ENVIRONMENTAL GROUP, INC.**,
a Michigan corporation,

    Plaintiff,

vs.                                                       Case No.: 06-11264
                                                                   HON. DENISE PAGE HOOD

**3M COMPANY**, a Delaware corporation,

    Defendant.

---

| | |
|---|---|
| **ROBERT J. PINEAU** (P39386) | **WILLIAM H. HORTON** (P31567) |
| **LAUREN B. JEFFRIES** (P66710) | **LINDA M. WATSON** (P45320) |
| Attorneys for Plaintiff | Attorneys for Defendant |
| KERR, RUSSELL AND WEBER, PLC | COX, HODGMAN & GIARMARCO, P.C. |
| 500 Woodward Avenue, Suite 2500 | Tenth Floor Columbia Center |
| Detroit, Michigan 48226 | 101 W. Big Beaver Road |
| ☎(313) 961-0200 | Troy, Michigan 48084 |
| | ☎(248) 457-7000 |

---

# PROTECTIVE ORDER

---

At a session of the Court held in Detroit, Michigan on:

                May 25, 2006

    PRESENT:       HON. DENISE PAGE HOOD
                                U.S. District Court Judge

    **IT IS ORDERED**:

            **1.**      **Framework And Scope Of Order**.

                      A.      This Order governs all materials that a producing party has designated as confidential material in this case;

                      B.      All Confidential Material produced during discovery whether in

documents, depositions or otherwise, will be used solely for the purposes of this lawsuit and not for any other purpose, including any business purpose, and will not be used or disclosed outside the context of this case absent permission of the producing party and, in the case of material produced pursuant to ¶10 below, the relevant non-party, or order of the Court;

C.   Any person receiving Confidential Material shall not disclose that material except to persons authorized to receive the material pursuant to ¶3 of this Order, and shall make such disclosure only in strict compliance with this Order.  The producing party retains the right to disclose the material that it has designated as confidential by waiving restrictions in this Order for a particular purpose or use; and

D.   The use of any Confidential Material for the purpose of any hearing or trial during which time such material may be disclosed to persons not authorized to receive such information under ¶3 below is not addressed in this Order, and will be the subject of future agreement or order as the need may arise. The parties agree, however, to use their best efforts to protect the confidentiality of information used in a hearing or at trial.

2.   **Definition Of Confidential Material.**  For the purpose of this Order, "Confidential Material" means any material of any kind that the producing party or, as provided in ¶10 below, a non-party, designates as confidential in the manner specified in this Order, and all copies of such designated material, whether contained in documents produced, testimony in depositions, exhibits, interrogatory answers, responses to requests for admission, briefs, or otherwise.  The Confidential Material under this Order consists of two categories: materials designated as "Confidential," and materials designated as "Attorneys' Eyes Only."

3.   **Authorized Persons.**  Access to materials designated as Confidential

is restricted to the Authorized Persons described in the following subparagraphs (A)-(E). Access to materials designated as Attorneys' Eyes Only is restricted to the Authorized Persons described in the following subparagraphs (A) and (C)-(E):

    A.    Attorneys of record and in-house counsel actively involved in this case, their regular employees (such as secretarial, clerical and paralegal personnel), and independent contractors providing legal services similar to those provided by regular employees, to whom it is necessary that the material be shown for purposes of this litigation;

    B.    The following employees of receiving party, provided the disclosing party and the employees comply with ¶7 of this Order:

        (1).    John Syron on behalf of Plaintiff;

        (2).    Jon Chasman on behalf of Defendant;

        (3).    Charlie E. McKenna on behalf of Defendant;

        (4).    Patrick Deconinck on behalf of Defendant;

        (5).    Brendan Smith on behalf of Defendant; and

        (6).    Doug Crocket on behalf of Defendant.

Each litigant reserves the right to change the name of the individual(s) who have been designated in this subsection as Authorized Persons before materials designated as Confidential of the producing party have been disclosed to the previously-designated individual. Prior to such substitution, a litigant shall notify the other litigant in writing five days before materials designated as Confidential are provided to the substituted person;

    C.    <u>Independent Consultants.</u>

        (1).    Subject to ¶10(C) below, independent persons retained

by a party or its attorneys of record to assist in the preparation of this case (such as independent technical experts, economists, accountants, expert witnesses and other consultants, and the necessarily-involved employees of such persons), provided that (i) such person is not a present employee of the receiving party, its predecessor or affiliates, PolyMask Corporation or Sealed Air Corporation; (ii) the disclosing party and such independent person comply with ¶7 of this Order; and (iii) except for persons consulted or retained for the purpose of jury research, the name, business address and curriculum vitae of such independent person is provided in writing to the producing party not less than 10 days before any Confidential Material is disclosed to such person.  The producing party has a right, with good cause, to object to the disclosure of Confidential Material to such independent person.  If a written objection is raised within such 10-day period, such independent person shall not receive Confidential Materials before such objection is resolved.  If such objection cannot be resolved by the parties, the burden shall be on the party wishing to disclose Confidential Materials to seek resolution from the Court;

(2).   A written objection shall not be permitted if the criteria set forth in C(1)(i), (ii) and (iii) are met and the independent person, acting as a consultant for the sole purpose of inspection and analysis of a product sample, is provided such sample without disclosure or identification of, or any reference to, the manufacturer or seller of the sample or the party for whom the analysis has been requested, and such consultant is provided no other Confidential Materials.  If the party requesting the analysis subsequently determines that it is necessary to provide the consultant with other Confidential Materials, or to inform the consultant of the identity of the manufacturer or vendor of the sample or the identity of the party requesting the analysis (for example, if the party wishes to designate the

consultant as a testifying witness), it will notify the producing party in writing not less than 10 days before providing such information or Confidential Materials to the consultant. If a written objection is raised within such 10-day period, the information or Confidential Materials shall not be provided to the consultant before such objection is resolved. If such objection cannot be resolved by the parties, the burden shall be on the party wishing to disclose Confidential Materials to seek resolution from the Court. The results of any inspection or analysis of a product sample shall be considered Confidential Information designated Attorneys' Eyes Only. This designation may still be challenged by a party in accordance with ¶12; and

(3). The disclosure of an independent person under this section C. shall not constitute a disclosure of that person as a witness to be called at trial, nor shall it commit a party to identifying or utilizing the independent person as an expert or witness at trial, nor shall it give the producing party the right to depose the independent person or to comment on the absence of such person from trial.

D. Court personnel, which shall include (i) all secretarial, clerical and paralegal personnel assisting the Court; and (ii) stenographic reporters engaged in proceedings incident to this case, including deposition reporters and their transcribers; and

E. The person who generated or authored the Confidential Material, or who is a named addressee of the Confidential Material, is an authorized person with respect to that Confidential Material.

**4. Designating Confidential Material.** Each page of a document that contains Confidential Material in the Attorneys' Eyes Only category shall be prominently marked "Attorneys' Eyes Only." Each page of all other documents containing Confidential

Material shall be prominently marked "Confidential."  The markings apply to documents produced, exhibits, discovery requests and responses, motion papers, and all other documents that reproduce, paraphrase, summarize, or otherwise contain Confidential Material.

      5.    **Depositions.**  Counsel for any litigant or for a witness may orally on the record designate deposition testimony or exhibits as Confidential Material during the course of a deposition, in which case the court reporter shall place the transcription of such testimony and such exhibits in a separate volume marked "Attorneys' Eyes Only" or "Confidential," as the case may be.  The Confidential Material may be used by a litigant to examine a witness at a deposition only if the witness is an Authorized Person to receive such material or if the witness is a current employee of the producing party and is shown documents produced by the producing party.  Persons not authorized to receive Confidential Material who are otherwise present at the deposition shall be excused from that portion of the deposition designated as containing Confidential Material.  All depositions taken in this case shall be treated in their entirety as Attorneys' Eyes Only material for a period of 30 days after receipt of the transcript.  During that 30-day period, counsel for any litigant or for the witness may designate deposition exhibits or portions of the deposition testimony as "Attorneys' Eyes Only" or "Confidential" by identifying the exhibit or listing the page and lines of those portions of testimony and advising all counsel of record of that designation.  Any exhibit or testimony portion so designated, or any separately-bound volume containing Confidential Material as a result of a designation at the deposition, shall not be filed in the Court except in accordance with ¶6 of this Order.

      6.    **Filing Confidential Material With The Court.**  All motions, briefs,

discovery requests and responses, exhibits, deposition transcripts, and other documents or papers that produce, summarize or otherwise contain any material designated as "Confidential" or "Attorneys' Eyes Only" by a party, if filed with the Court, shall be filed in a sealed envelope which shall be labeled with the caption of the Court case, a description of the contents of the envelope, and the following (or an equivalent) statement:

> **RESTRICTED — THIS ENVELOPE CONTAINS INFORMATION SUBJECT TO A PROTECTIVE ORDER ENTERED BY THE COURT IN THIS ACTION, AND IS NOT TO BE OPENED NOR THE CONTENTS DISPLAYED OR REVEALED EXCEPT BY ORDER OF THE COURT.**

Such material shall be kept sealed by the clerk of the Court with access only to the Court, its employees and counsel for the litigants. Confidential portions of papers filed with the Court may be separately field in a sealed envelope.

   **7. Authorized Person Acknowledgment.**  Before disclosing Confidential Material to any Authorized Person, except to attorneys of record, in-house counsel, and court personnel, counsel for the litigant wishing to make such disclosure shall provide each such person with a copy of this Order, shall advise each such person not to disclose any Confidential Material to persons not authorized under ¶3 of this Order to receive such materials and that violation of this Order will subject such person to the sanctions of the Court, and shall require that each such person sign an acknowledgment in the form attached as Exhibit A.

   **8. Use Of A Party's Own Information.**  Nothing in this Order shall prevent a party from showing material that it has designated as Confidential Material to its own witnesses, employees, consultants, experts, or to anyone else.

   **9. Inadvertent Disclosure.**  The inadvertent production of any privileged

or otherwise protected material, without an appropriate designation of confidentiality, is not deemed a waiver or impairment of any privilege or protection, or the confidential nature of such material, either as to the specific material or as to the same or related subject matter. After notice that privileged or otherwise protected material was inadvertently produced, all such material and copies thereof shall be returned within two business days of such notice, and the receiving party shall destroy any document, or portion thereof, generated based on such material.  Upon receiving notice that Confidential Material was not properly designated, the receiving party shall return such material to the producing party, including all copies of such material that were provided to Authorized Persons, and the producing party shall redesignate the materials appropriately and then produce them under the corrected designation.  All documents generated based on such Confidential Material shall be treated under such redesignation.

      **10.**    **Non-Party Confidential Material.**

      A.    Discovery of non-parties to this action may involve receipt of information, documents, objects or testimony that include or contain Confidential Material. A non-party producing such materials in this case may designate as Confidential Material some or all of the materials it produces in the same manner as provided for in this Order with respect to the parties.  Regardless of how the producing non-party shall designate them, all documents and other materials produced by non-parties shall be deemed Attorneys' Eyes Only, for a period of 30 days from their production, and during that period any party may designate as Confidential Material any or all of such material.  Any party also may designate as Confidential Material any other documents, objects or other materials which have been furnished by a non-party and which constitute Confidential Material, whether or not the non-

party has also so designated them. Non-party materials designated as Confidential Material by a non-party or a party shall be governed by the terms of this Order;

    B. During the course of this action, a party may be requested to produce to another party documents, information or things subject to contractual or other obligations of confidentiality owed to a non-party by the party receiving the request. The party subject to this contractual or other obligation of confidentiality shall contact the non-party to determine whether such non-party will agree to the production of such materials subject to the terms of this Order. If the non-party so agrees in writing, the other party in the litigation shall be notified, and the documents, information or things shall be produced in accordance with this Order. If the non-party will not agree to the production of the materials, then any documents, information or things withheld on the basis of this contractual or other confidentiality obligation shall be identified on a separate index describing such withheld items. The non-party will have the right to appear and be heard on any motion brought to compel the production of such materials, and any such materials ordered to be produced shall be governed by the terms of this Order;

    C. Any party who intends to disclose non-party Confidential Material produced to an independent person retained by the party or its attorneys of record to assist in the preparation of this case (such as independent technical experts, economists, accountants, expert witnesses and other consultants, and the necessarily-involved employees of such persons, but not including persons consulted or retained for the purpose of jury research), shall, in addition to complying with the requirements of ¶3(C) above, provide the name, business address and curriculum vitae of such independent person in writing to the non-party not less than 10 days before any Confidential Material is disclosed

9

to such person and said non-party shall have the right, for good cause, to object to the disclosure of Confidential Material to such independent person unless the disclosure is of a sample product without identification or reference to the manufacturer or seller as set forth in ¶3(C). If a written objection is raised within such 10-day period, such independent person shall not receive non-party Confidential Material before such objection is resolved, and the non-party shall have the right to appear and be heard on any motion relating to the disclosure of such information to such independent person; and

    D. Any party who intends to use non-party Confidential Material produced under subparagraphs (A) or (B) of this paragraph in a hearing or trial or in any other setting in which there is a risk of disclosure of such Confidential Material to other than Authorized Persons, shall notify said non-party of that intent not less than 10 days before such use occurs. Said non-party shall have the right to appear and be heard on the issue of whether said material may be used and if so, what protections should be afforded against disclosure.

  **11.** **Protection Of Confidential Material.**  Contempt and all other legally permissible sanctions shall be considered by the Court upon any violation of this Order. No copies of any Confidential Material shall be made except to the extent necessary for this case, except that, pursuant to ¶8 of this Order, a party can make copies of material that it has designated as Confidential Material. All copies of Confidential Material shall be kept in secure areas at the offices of outside counsel or persons authorized to receive such material under ¶3 of this Order or in the personal custody and control of such persons.

  **12.** **Challenging A Designation.**  Any litigant may challenge at any time the propriety of a designation of material under ¶2 of this Order. Before seeking relief from

the Court, the litigants shall attempt to resolve the dispute in good faith on an informal basis. The designation shall continue pending the resolution of the challenge. The designating party bears the burden of proving the propriety of such challenged designation.

13. **No Admission.** The designation by a producing party of material as "Attorneys' Eyes Only" or "Confidential" is intended solely to facilitate the litigants' preparation of its case and is not an admission by any litigant that the designated material constitutes or contains any Confidential Material. Disclosure of Confidential Material is not a waiver of any right of the producing party to object to admissibility.

14. **Conclusion Of Action.** Within 30 days of the final determination of this case, including all appeals and any motions to vacate or confirm, counsel for the receiving party, and the Court, shall deliver to counsel for the producing party all documents, transcripts of testimony, discovery responses and other papers subject to the provisions of this Order, or shall destroy such materials and certify in writing to the producing party that all such materials have been destroyed. The producing party shall identify for the Court the materials that are to be delivered or destroyed pursuant to this paragraph. All copies of summaries, memorandum and notes, reflecting the contents or substance of such Confidential Materials shall either be delivered or destroyed as described above, except to the extent retention is necessary by legal counsel to meet professional duties regarding file retention.

15. The provisions of this Order restricting the disclosure or use of Confidential Material shall continue to be binding after the conclusion of this case, and this Court shall have continuing jurisdiction over persons who receive Confidential Material under this Order for the purpose of enforcing the terms thereof.

**SO ORDERED**.

s/ DENISE PAGE HOOD
**HON. DENISE PAGE HOOD**
U.S. District Court Judge

**I STIPULATE TO ENTRY
OF THE ABOVE ORDER:**


 s/Robert J. Pineau
**ROBERT J. PINEAU** (P39386)
Attorney for Plaintiff
E-Mail:  lbj@krwlaw.com


 s/William H. Horton
**WILLIAM H. HORTON** (P31567)
Attorney for Defendant
E-Mail:  bhorton@chglaw.com

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**VECTOR ENVIRONMENTAL GROUP, INC.**,
a Michigan corporation,

      Plaintiff,

vs.                                                  Case No.: 06-11264
                                                     HON. DENISE PAGE HOOD

**3M COMPANY**, a Delaware corporation,

      Defendant.

---

| | |
|---|---|
| **ROBERT J. PINEAU** (P39386) | **WILLIAM H. HORTON** (P31567) |
| **LAUREN B. JEFFRIES** (P66710) | **LINDA M. WATSON** (P45320) |
| Attorneys for Plaintiff | Attorneys for Defendant |
| KERR, RUSSELL AND WEBER, PLC | COX, HODGMAN & GIARMARCO, P.C. |
| 500 Woodward Avenue, Suite 2500 | Tenth Floor Columbia Center |
| Detroit, Michigan 48226 | 101 W. Big Beaver Road |
| ☎(313) 961-0200 | Troy, Michigan 48084 |
| | ☎(248) 457-7000 |

---

# ACKNOWLEDGMENT AND COMPLIANCE
# WITH PROTECTIVE ORDER

---

      I, _____, being fully duly sworn, state that:

      1.    My address is _____

_____.

      2.    My present employer is _____

_____.

      3.    My present occupation or job description is _____

4. I have been provided a signed copy of the stipulated Protective Order ("Order") in the above-captioned litigation (Case No.: 06-11264).

5. In the last five years, I have/have not (circle one) worked for Vector, 3M, PolyMask or Sealed Air (as they are defined in the Order), as an employee or consultant.

6. I have carefully read and understand the provisions of the Order.

7. I will comply with all of the provisions of the Order.

8. I will hold in confidence and not disclose to anyone not authorized under the Order, any materials containing confidential information or any words, substances, summaries, abstracts or indices of material containing confidential information disclosed to me.

9. If I am employed or retained by litigant, I will return all materials containing confidential information and summaries, abstracts and indices thereof, and copies thereof, which come into my possession, and documents or things that I have prepared relating thereto, to counsel for the litigant by whom I am employed or retained.

10. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Order in this case.

11. I certify under penalty of perjury that the foregoing is true and correct.

_____

Executed on _____