UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**VECTOR ENVIRONMENTAL GROUP, INC,**

       Plaintiff,

                                     Case No.      2:06-cv-11264

v.

                                     HONORABLE DENISE PAGE HOOD

**3M COMPANY,**

       Defendant.
_____/

**ORDER**

**I.    INTRODUCTION**

This matter is before the Court on Kerr, Russell and Weber, PLC's [hereinafter "KRW"] Motion to Withdraw as Counsel for Plaintiff, Vector Environmental Group, Inc. [hereinafter "Vector"], filed September 7, 2006.

Also before the Court is Defendant's Motion to Dismiss for Failure to Comply with Discovery Order, filed September 14, 2006, and Plaintiff's Motion for Voluntary Dismissal, filed September 15, 2006.  Plaintiff filed a Response to Defendant's Motion to Dismiss for Failure to Comply with Discovery Order October 3, 2006 and Defendant filed a Response to Plaintiff's Motion for Voluntary Dismissal on October 4, 2006.

**II.    STATEMENT OF FACTS**

Vector developed the Vector TuTone Product, which allows for the efficient tu tone painting of automobiles and trucks. Plaintiff contends that the Vector TuTone Product is a trade secret as defined by the Michigan Uniform Trade Secrets Act. Vector executed a contract with Ford Motor Company (Ford) to exclusively supply tu tone painting to Ford. The Vector TuTone product allows Ford to paint tu tone F150 and F250 Trucks at a considerable cost savings.

3M is a competitor of Vector with respect to tu tone painting products and processes. Plaintiff alleges 3M took samples of the Vector TuTone Product out of one or more Ford production plants without the permission of Vector. Plaintiff further argues 3M has conducted inspections of the Vector TuTone Product to replicate Vector's product. 3M has created a product competitive with the Vector TuTone Product which is actually or substantially a copy of the Vector product (the "3M Product"). 3M has marketed the 3M Product to Ford as a replacement of the Vector TuTone Product. 3M has tested the 3M Product at one or more Ford production plants and, if approved by Ford, intends to provide Ford the 3M Product as a replacement for the Vector product.

### III.     APPLICABLE LAW & ANALYSIS

#### A.     Motion to Withdraw as Counsel

KRW moves to withdraw as counsel for Plaintiff. KRW asserts that despite its best efforts, Plaintiff has failed to effectively communicate with KRW in the manner necessary to allow KRW to conduct this litigation. (Br. in Supp. of Mot. to Withdraw as Counsel at 1). KRW asserts the reason for the failed communication is the degradation of Plaintiff's business since this action was filed. *Id.* KRW further contends that there has been a breakdown in the attorney-client relationship and continued representation would result in unreasonable burden to KRW and an inability to fairly

represent Vector's interests.

As KRW has advised Vector of its intention to withdraw as counsel, and the Court is not aware of any objections, the Court GRANTS KRW's Motion to Withdraw as Counsel for Plaintiff.

### B.      Motion to Dismiss for Failure to Comply with Discovery Order

Fed.R.Civ.P. Rule 37(b) provides that if a party fails to obey an order regarding discovery, the court may make such orders as are just, including prohibiting a party from introducing matters in evidence, striking pleadings, or dismissal of an action, where that party has failed to comply with an order of a court regarding discovery and the failure to comply is attributable to a "willfulness, bad faith, or any fault" of the party. Fed.R.Civ.P. 37(b)(2)(A), (B), and (C); *Intercept Security Corp. v. Code-Alarm, Inc.*, 169 F.R.D. 318, 321 (E.D. Mich. 1996), citing *Societe Internationale Pour Participations Industrielles et Commerciales, S.A. v. Rogers*, 357 U.S. 197, 212 (1958); *Bass v. Jostens, Inc.,* 71 F.3d 237 (6th Cir.1995).  The sanctions set forth in Rule 37(b) are for violations of a court order requiring a party to respond to discovery requests.  Rule 37(a) allows for a party to make a motion to compel the opposing party to respond to discovery requests. Fed. R. Civ. P. 37(a). If the motion to compel is granted, the court may impose sanctions, including attorney fees and costs. Fed. R. Civ. P. 37(a)(4). If a party fails to comply with a court's order, then Rule 37(b)(2) comes into play and provides for more severe sanctions such as striking out pleadings, prohibiting a party from introducing matters into evidence or entering a default judgment or dismissal against the party failing to obey any orders. Fed.R.Civ.P. 37(b)(2)(C).

Dismissal is the sanction of last resort and should only be imposed if the court concludes that the party's failure to cooperate in discovery was willful, in bad faith, or due to its own fault. *Beil*

*v. Lakewood Eng'r and Mfg. Co.,* 15 F.3d 546, 552 (6th Cir. 1994) (citing *Taylor v. Medtronics, Inc.*, 861 F.2d 150, 154 (6th Cir. 1988). Other factors the Sixth Circuit has determined are relevant to a consideration of whether to dismiss a case under Rule 37 are whether the adversary was prejudiced by the dismissed party's failure to cooperate in discovery, whether the dismissed party was warned that the failure to cooperate could lead to dismissal and whether less drastic sanctions were imposed or considered before dismissal was ordered. *Bass v. Jostens, Inc.*, 71 F.3d 237, 241 (6th Cir. 1995).

Defendant seeks sanctions under Rule 37(b)(2) in the form of dismissal with prejudice. Defendant asserts that (1) Plaintiff's failure to comply with the Court's order is willful; (2) Defendant is prejudiced, since it cannot identify what is allegedly misappropriated and it contributes to the "chilling effect" on Defendant's ability to do business with Ford related to this product; (3) Plaintiff has been warned repeatedly by Defendant that it would take this action unless Plaintiff complied with the Order; and (4) there is no less drastic sanction than dismissal, as Plaintiff has not complied with the Court's Order and has given reason to believe compliance will not be forthcoming. (Def.'s Mot. to Dismiss at 6-7).

Plaintiff asserts that its alleged "failure" to permit discovery is not in bad faith, but is the result of Plaintiff's "responsible approach" regarding whether it will continue to prosecute this action.[1] (Pl.'s Resp. to Mot. to Dismiss at 6-7). With respect to prejudice, Plaintiff contends that Defendant has suffered no prejudice. Plaintiff further asserts that there has been no prior warning by the Court that failure to cooperate could lead to dismissal and the Court has not considered or

---

[1] Plaintiff cites Ford Motor Company's current financial trouble and the significant impact that has on the appropriateness of the current proceedings. (Pl.'s Resp. to Mot. to Dismiss at 6-7).

4

imposed any less drastic sanctions. *Id.* at 7-8.

The Court recognizes that Plaintiff has failed to comply with the Court's order to produce a sample of Vector polyethelene tape. *See* Order Granting Mot. to Compel, Aug. 25, 2006. However, the Court also recognizes that this is a trade secret case and Plaintiff does not wish to expose sensitive trade secret information if the case will not progress. The Court is also aware that Plaintiff seeks to dismiss this case due to the alleged financial troubles currently facing Ford Motor Company and Plaintiff. The Court finds that Plaintiff, although willful in its conduct, has not acted in bad faith in its failure to comply with Defendant's discovery requests.

The Court finds that Defendant has not met its burden of showing that Plaintiff was warned that the failure to cooperate could lead to dismissal or that less drastic sanctions were imposed or considered before the instant Motion.

Accordingly, Defendant's Motion to Dismiss for Failure to Comply with Discovery Order is DENIED.

### C.    Motion for Voluntary Dismissal

Pursuant to Fed. R. C. P. 41(a)(2),[2] Plaintiff seeks a voluntary dismissal of the current action, without prejudice. Whether dismissal should be granted under Rule 41(a)(2) is within the sound discretion of the district court. *Grover by Grover v. Eli Lilly and Co.*, 33 F.3d 716, 718-19 (6th Cir. 1994). The primary purpose of requiring court approval for a voluntary dismissal is to protect the

---

[2] Fed. R. C. P. 41(a)(2) provides, "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper . . . Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

nonmovant from unfair treatment. *Id.* Generally, an abuse of discretion is found only where the defendant would suffer "plain legal prejudice" as a result of a dismissal without prejudice, as opposed to merely facing the prospect of a second lawsuit. *Koliac v. DEC Int'l, Inc.*, 855 F.2d 471, 473 (7th Cir. 1988). In determining whether a defendant will suffer plain legal prejudice, a court should consider the defendant's effort and expense in preparation for trial, excessive dely and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant. *Id.* at 474.

Plaintiff seeks voluntary dismissal for the following reasons: (1) the level of Ford purchases has decreased substantially and therefore the business concerns driving this action have changed substantially; (2) the threat that Plaintiff would lose the wet-on-wet business to Defendant has resulted in Plaintiff undercutting its own contract prices with Ford, which has severely harmed Plaintiff's ability to remain viable; (3) Plaintiff, while fighting for the life of its business, has been unable to focus on the requirements of this action; (4) Vector is facing the prospect of revealing additional details concerning its trade secrets, which may be lost to a competitor forever. (Pl.'s Mot. For Voluntary Dismissal at 3).

Defendant asserts that Plaintiff's Motion for Voluntary Dismissal should be denied because: (1) Defendant has expended substantial effort and expense in defending this matter and should not be faced with a potential second lawsuit; (2) Plaintiff has violated this Court's discovery order and has failed to comply with any discovery requests; (3) Plaintiff's motion is only in response to Defendant's motion to dismiss based on failure to comply with a discovery order; and (4) Plaintiff has not offered a sufficient explanation for the dismissal without prejudice, particularly because the

case has been used to chill Defendant's business relationship with Ford. (Def.'s Resp. To Pl.'s Mot. For Voluntary Dismissal at 1-2). At oral argument on October 5, 2006, Defendant argued that the Court should either dismiss the current action with prejudice or require Plaintiff to withdraw the instant motion.

Under the circumstances of this case, the factors for determining whether a defendant has suffered plain legal prejudice weigh in favor of Plaintiff. Although Defendant asserts that it has expended significant time and money in defending this action,[3] there has not been extensive discovery in this action and the Court does not find that this factor weighs in favor of Defendant.[4] Defendant argues that Plaintiff's failure to comply with discovery requests amounts to lack of diligence in prosecuting the action. As discussed above, part of the failure to comply with the discovery requests was their desire to terminate the action. The Court further finds that Plaintiff has presented a sufficient explanation for pursuit of a voluntary dismissal. Namely, the change in business climate and financial difficulties both Plaintiff and Ford currently face. Lastly, the fact that Defendant has not filed a motion for summary judgment weighs in favor of a finding that Defendant would not suffer plain legal prejudice as a result of a dismissal without prejudice.

---

[3] Defendant cites the filing of multiple briefs and disclosures, preparing for two evidentiary hearings on Plaintiff's motion for injunctive relief, the filing of the Motion to Compel, and counsel feels and costs in excess of $90,000. (Def.'s Resp. To Pl.'s Mot. For Voluntary Dismissal at 4-5).

[4] Robert Pineau, counsel for Plaintiff, and William Horton, counsel for Defendant, contacted the Court on October 19, 2006 relative to Defendant's October 20, 2006 deposition. It was Mr. Horton's understanding that no discovery was to be conducted for one week following the October 5, 2006 hearing. It was Mr. Pineau's understanding that discovery was to cease until the instant Order was issued. Counsel contacted the Court when Mr. Horton was in route to and near Indiana, the location of the deposition. However, the Court was not contacted in time for the Court take appropriate action to prevent Mr. Horton from expending time and effort to prepare for and travel to the deposition.

Accordingly, Plaintiff's Motion to Voluntarily Dismiss without prejudice is GRANTED.

Accordingly,

IT IS HEREBY ORDERED that KRW's Motion to Withdraw as Counsel for Plaintiff **[Docket No. 24, filed September 7, 2006]** is GRANTED; Defendant's Motion to Dismiss for Failure to Comply with Discovery Order **[Docket No. 26, filed September 14, 2006]** is DENIED; and Plaintiff's Motion for Voluntary Dismissal **[Docket No. 27, filed September 15, 2006]** is GRANTED.

s/ DENISE PAGE HOOD
DENISE PAGE HOOD
United States District Judge

DATED: October 20, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 20, 2006, by electronic and/or ordinary mail.

s/William F. Lewis
Case Manager
